UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH SPRADLEY (#101526)

VERSUS                                    CIVIL ACTION

WARDEN J. TIRCUIT, ET AL                  NUMBER 11-378-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on August 30, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENNETH SPRADLEY (#101526)

VERSUS                                           CIVIL ACTION

WARDEN J. TIRCUIT, ET AL                         NUMBER 11-378-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss Original Complaint. Record document number 10. The motion is not opposed.

**Background**

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden J. Tircuit, Maj. Carl Thomas, Capt. Childs, Lt. Donald Johnson and Sgt. Craig White. Plaintiff alleged that the defendants failed to protect him from attack by a fellow inmate in violation of his constitutional rights.

Defendants[1] moved to dismiss the complaint pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P., for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

---

[1] Capt. Childs and J. Tircuit were not served with the complaint and did not participate in the defendants' motion to dismiss.

## Applicable Law and Analysis

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted).  But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950.  The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement."  *Id.* at 1949-50 (internal quotation marks omitted).

**Eleventh Amendment Immunity**

Defendants argued that they are entitled to Eleventh Amendment immunity insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991).  A suit against a state official in his official capacity is treated as a suit against the state.  *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).  Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's 'policy or custom' must have played a part in the violation of federal law."  *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law.  A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a section 1983 action.  *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits

3

is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. A state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Thus, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of constitutional rights. Additionally, because the plaintiff did not seek prospective injunctive relief, he has no claim against the defendants in their official capacity under § 1983.

**Failure to Protect**

Plaintiff alleged that on July 10, 2010, inmate Larry Newman, while armed with a weapon, attacked him. Plaintiff alleged that prior to the incident Sgt. White released inmate Newman from his restraints and permitted him to go into another inmate's cell and retrieve a pair of tennis shoes and an iron U-bolt. Plaintiff alleged that Sgt. White knew prior to the incident that Newman would attack him but failed to taken any action to prevent it. Plaintiff alleged that following the incident, Sgt. White filed a false report stating that the plaintiff fell out of his bunk and injured himself.

Plaintiff alleged that following the incident, Maj. Thomas assured the plaintiff that inmate Newman would be punished and that he would be removed from extended lockdown. Plaintiff alleged that inmate Newman was not punished.

Plaintiff alleged that Lt. Johnson told Sgt. White that prisoners were filing complaints that he issued false disciplinary reports and deprived prisoners of yard and telephone

4

privileges. Plaintiff alleged that Lt. Johnson warned Sgt. White not to mistreat prisoners.

A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970 (1994). The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. *Id.*

Plaintiff failed to allege any facts against Maj. Thomas and Lt. Johnson which rise to the level of a constitutional violation. First, the plaintiff does not have a constitutional right to have his alleged attacker punished by prison officials. Second, to be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that the Maj. Thomas and Lt. Johnson are responsible for the actions of their subordinate is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Plaintiff's allegations that Sgt. White knew of the impending attack and took no action to protect the plaintiff is sufficient to state a claim upon which relief can be granted.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted in part, dismissing the plaintiff's claims against Maj. Carl Thomas and Lt. Donald Johnson. It is further recommended that defendant Sgt. Craig White's motion to dismiss be denied and the matter be referred back to the magistrate judge for further

proceedings on the plaintiff's failure to protect claim against Sgt. Craig White.

Signed in Baton Rouge, Louisiana, on August 30, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**