## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENNETH SPRADLEY (#101526)** | **CIVIL ACTION** |
| **VERSUS** | |
| **WARDEN J. TIRCUIT, ET AL.** | **NO. 11-0378-JJB-DLD** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 3 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KENNETH SPRADLEY (#101526)**            **CIVIL ACTION**

**VERSUS**

**WARDEN J. TIRCUIT, ET AL.**            **NO. 11-0378-JJB-DLD**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the cross-motions for summary judgment of the plaintiff and defendant Craig White, rec.doc.nos. 18 and 29.

The pro se plaintiff, an inmate confined at the Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Warden J. Tircuit, Major Carl Thomas, Capt. Childs, Lt. Donald Johnson and Sgt. Craig White, complaining that defendant White violated the plaintiff's constitutional rights on July 10, 2010, by failing to protect the plaintiff from harm at the hands of a co-inmate on that date.[1] Pursuant to earlier Magistrate Judge's Report in this case, approved by the District Judge on October 5, 2011, see rec.doc.nos. 13 and 16, the plaintiff's claims asserted against Major Carl Thomas and Lt. Donald Johnson have been dismissed.

The plaintiff moves for summary judgment relying upon the pleadings, a Statement of Disputed Factual Issues, and his own affidavit.

Defendant White moves for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, certified copies of excerpts from the plaintiff's medical records, certified copies

---

1. Attempts by the United States Marshal's Office to serve defendants Warden J. Tircuit and Capt. Childs have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on behalf of these defendants. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims asserted against defendants Warden J. Tircuit and Capt. Childs be dismissed, without prejudice.

of excerpts from the medical records of co-inmate Larry Newman, a Warden's Unusual Occurrence Report dated July 10, 2010 (prepared by defendant Craig White), Intake Checklists for the plaintiff and co-inmate Larry Newman (dated January 17, 2004 and October 22, 2007, respectively), Enemy Memoranda prepared by the plaintiff and co-inmate Larry Newman (dated July 26, 2010, and January 10, 2100, respectively), and the affidavits of Andrew Childs, Richard Trueil, Daniel Priddy, Carl Thomas, John McGovern, Dr. Preety Singh, and defendant Craig White.

Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party carries his burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that he is entitled to a verdict in his favor. Anderson, supra. This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994). In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. International Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257 (5th Cir. 1994), cert. denied, 502 U.S. 1059, 112 S.Ct. 936, 117 L.Ed.2d 107 (1992).

In the plaintiff's Complaint, as supplemented by additional factual allegations contained in his opposition to the defendant's motion for summary judgment, he alleges that on the afternoon of July 10, 2010, he observed his cell-mate, co-inmate Larry Newman, return from a visit, and observed defendant Craig White remove the restraints from co-inmate Newman and allow the co-inmate onto the tier without searching him. According to the plaintiff, this resulted in the co-inmate

being on the cell tier without restraints, a purported violation of prison rules.  The plaintiff alleges that defendant White then observed co-inmate Newman go to another inmate's cell and obtain a pair of tennis shoes and an "iron u-bolt object" before returning to the cell that the plaintiff and co-inmate Newman shared.  According to the plaintiff, co-inmate Newman then attacked the plaintiff, hitting the plaintiff in the head several times with the u-bolt and causing injury.  The plaintiff alleges that one or more days prior to this incident, defendant White had moved the plaintiff into the cell with co-inmate Newman without authorization and without prior approval from a superior officer.  Further, defendant White allegedly issued a disciplinary report against the plaintiff at that time, charging the plaintiff with "Aggravated Disobedience" when the plaintiff refused to be transferred into the cell with co-inmate Newman.  The plaintiff further alleges that, prior to this incident, he had requested to be protected from harm at the hands of co-inmate Newman.  The plaintiff admits, however, that this request was made to a security officer other than defendant White.  Finally, the plaintiff alleges that defendant White "knew ahead of time" that co-inmate Newman was going to attack the plaintiff but prepared a report after the incident which falsely asserted that the plaintiff had mis-represented his injuries as having been caused by a fall from his bed.

In response to the plaintiff's allegations, the moving defendant asserts that he is entitled to qualified immunity in connection with the plaintiff's claims.  Specifically, the defendant contends that the plaintiff has failed to make a sufficient non-conclusory showing of conduct on the defendant's part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.  Hale v. Townley, 45 F.3d 914 (5th Cir. 1995).  As enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights.  Second, the district court looks to whether the rights allegedly violated were clearly established.

This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful <u>in the situation which he confronted</u>. <u>Id.</u>[2]

Undertaking the <u>Saucier</u> analysis, the Court concludes that the defendant's motion is well-founded. In this regard, the plaintiff's allegations relative to defendant White implicate the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment in the form of an unreasonable threat of harm or violence at the hands of other inmates. <u>Jones v. Diamond</u>, 636 F.2d 1364 (5th Cir. 1981); <u>Johnston v. Lucas</u>, 786 F.2d 1254 (5th Cir. 1986). While not every prison fight is actionable, courts have recognized that there may be liability in connection with this cause of action where there exists on the part of a defendant security officer an intent to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm. <u>Johnston v. Lucas</u>, <u>supra</u>. "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness" as used in the criminal law. <u>Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Specifically, the official must have both been aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and he must also have drawn the inference. <u>Id.</u> In appropriate circumstances, deliberate indifference may be inferred from the obviousness of the substantial risk. <u>Id.</u>

Applying this standard to the plaintiff's allegations and to the evidentiary showing in the instant case, the Court concludes that the defendant is entitled to summary judgment as a matter of law. The defendant has submitted unrefuted evidence reflecting that the plaintiff and co-inmate

---

2. The United States Supreme Court has recently held that rigid chronological adherence to the <u>Saucier</u> two-step methodology is no longer mandatory. <u>Pearson v. Callahan</u>, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the <u>Saucier</u> methodology will be "often beneficial", the <u>Callahan</u> Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

Newman were not on each other's enemy lists before the incident and that there had been no known prior acrimony between the two inmates. In fact, earlier on the date of the incident, the two inmates had been observed playing chess together in their joint cell without conflict and without any request to be separated from each other. Further, approximately two weeks after the incident, the plaintiff executed a document signifying that he could live and work in the area of co-inmate Newman without any problem. Although the plaintiff alleges that one or more days prior to the incident, he requested to be placed in protective custody relative to co-inmate Newman, he does not allege that he made this request to defendant White or otherwise explicitly advised defendant White that he faced any danger from his cell-mate. To the contrary, the plaintiff explicitly asserts that he made the referenced request for protection to another security officer, not to defendant White. Accordingly, there is virtually no allegation or evidence suggesting that, prior to the date of the incident, defendant White had any reason to anticipate an altercation between the plaintiff and co-inmate Newman. Although the plaintiff asserts in his pleadings that defendant White "knew" of the impending fight before it occurred, this is a conclusory statement of the plaintiff's mere personal belief, unsupported by any evidentiary showing or detailed factual recitation, and is insufficient to support a finding of liability on the part of the defendant.

Further, although the plaintiff asserts that there are disputed issues of fact regarding certain details pertinent to the referenced incident, the Court finds that these disputed issues are, for the most part, not material to the ultimate issue whether defendant White intended to cause the plaintiff harm or was consciously and callously indifferent to a serious risk of harm to the plaintiff's safety. Specifically, the plaintiff points to factual disputes regarding whether defendant White had authority to move the plaintiff into the cell with co-inmate Newman prior to the date of the incident, whether defendant White issued the plaintiff a disciplinary report when the plaintiff objected to being moved from his single cell, whether defendant White searched co-inmate Newman upon the co-inmate's return from a visit on the date of the incident, whether defendant White thereafter allowed the co-

inmate to be unrestrained on the cell tier, whether the plaintiff reported after the incident that he had been injured in a fall instead of in a fight, whether defendant White laughed at the plaintiff's injuries after the incident, and whether defendant White searched the plaintiff's cell after the incident and found no weapon. Even if all of these issues are resolved in the plaintiff's favor, they do not support a finding of deliberate indifference on the part of defendant White. First, even if the defendant did not have authority to move the plaintiff into the cell with co-inmate Newman prior to the incident, his conduct in doing so does not suggest in any way that the defendant was aware of impending conflict between the plaintiff and the co-inmate. To the contrary, it is far more likely that the transfer was made because such conflict was not anticipated. Thus, the unauthorized transfer, if indeed it was unauthorized, does not appear to amount to anything more than a mere violation of prison rules which is not actionable under 42 U.S.C. § 1983. See Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989). See also Woodard v. Andrus, 419 F.3d 348 (5th Cir. 2005). Nor does the fact that the plaintiff may have objected to being moved from his single cell, allegedly resulting in a disciplinary charge being issued against the plaintiff, establish any wrongdoing on the part of defendant White. This is particularly true inasmuch as there is no suggestion that the two inmates were on each other's enemy lists or had had any prior conflict, and there is no allegation that the plaintiff gave, as a reason for objecting to the transfer, that he feared harm at the hands of the co-inmate. Similarly, the alleged actions of defendant White in failing to search the co-inmate after the co-inmate's visit and in allowing the co-inmate onto the tier without restraints are also mere violations of prison rules and do not suggest that, by this conduct, the defendant intended to cause the plaintiff harm or was deliberately indifferent to the possibility of such harm. In fact, the weapon allegedly used by co-inmate Newman to injure the plaintiff was purportedly obtained by Newman after the referenced visit and so would not have been discovered during a post-visit search. Finally, as to events allegedly occurring after the fight between the plaintiff and the co-inmate, i.e., when defendant White allegedly laughed at the plaintiff's injuries, allegedly reported that the plaintiff

misrepresented the cause of his injuries, and allegedly failed to locate a weapon upon a search of the plaintiff's cell, these events are not relevant to whether the defendant knew <u>before the incident</u> that the plaintiff faced a serious risk of harm.

Finally, the plaintiff asserts his belief that defendant White observed co-inmate Newman obtain a pair of tennis shoes and an "iron u-bolt object" from another inmate's cell prior to returning to the cell that he shared with the plaintiff. This allegation, however, is conclusory and appears to represent no more than the plaintiff's personal belief as to the matter asserted. Self-serving and conclusory allegations, however, are not sufficient to defeat a motion for summary judgment. <u>Davis v. Farmers Ins. Exchange</u>, 372 Fed.Appx. 517 (5th Cir. 2010). Further, the plaintiff's visual perspective from his location within his cell was unquestionably different than that of the defendant, who was allegedly located at the head of the cell tier, and the plaintiff cannot know what the defendant actually observed from that location. Rather, assuming that the co-inmate did in fact obtain a weapon from another cell, it is likely that the co-inmate attempted to shield the object from the defendants' view in order to avoid disciplinary action. And even if the defendant did in fact observe co-inmate Newman obtain one or more objects from another inmate's cell immediately before the attack upon the plaintiff, this fact does not lead to a conclusion that the co-inmate intended to use the object(s) to attack the plaintiff or that the defendant had reason to think so. In short, there is nothing in the record to suggest that defendant White was aware, prior to the attack, that the plaintiff faced any danger from co-inmate Newman, and the plaintiff's conclusory assertions regarding what the defendant saw or knew about the impending attack is insufficient to defeat the defendant's motion for summary judgment. Accordingly, the defendant's motion should be granted, dismissing the plaintiff's claims asserted in this proceeding.

## **RECOMMENDATION**

It is recommended that the plaintiff's claims asserted against Warden J. Tircuit and Capt. Childs be dismissed, without prejudice, for failure of the plaintiff to serve these defendants within

120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the plaintiff's Motion for Summary Judgment, rec.doc.no. 29, be denied, and that the Motion for Summary Judgment of defendant Craig White, rec.doc.no. 18, be granted, dismissing the plaintiff's claims asserted against this defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on July 3, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**